UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. ASCENZI, | : |
| | : |
| **Plaintiff,** | : |
| | : CIVIL NO. 3:CV-05-1184 |
| v. | : |
| | : (JUDGE VANASKIE) |
| OFFICER O'BRIEN, <u>ET AL.</u>, | : |
| | : |
| **Defendants.** | : |

# M E M O R A N D U M

## I.   Introduction

Michael J. Ascenzi, an inmate currently housed at the Retreat State Correctional Institution ("SCI-Retreat"), Hunlock Creek, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth Amendment rights in connection with the execution of a July 21, 2004, search warrant of his apartment which led to his arrest, a parole violation, and ultimately a conviction for the possession of heroin. The sole named defendant in this action is Pennsylvania State Police ("PSP") Detective O'Brien.

Presently before the Court is Plaintiff's third "Motion to Compel Interrogatories." (Dkt. Entry 68.) Ascenzi argues that: (1) Defendant's responses to his interrogatories were untimely; and (2) Defendant inappropriately responded to them as a request for admission rather than an interrogatories as posed them. Defendant filed an opposition brief. A

telephonic status conference was held on August 6, 2007, to address Ascenzi's motion. During the conference defense counsel acknowledged that the discovery responses were untimely, but they were ultimately provided, and defendants have agreed to answering additional interrogatories in excess of the twenty-five (25) already answered. (See Dkt. Entry 80.) Thus, I see no harm or prejudice suffered by Ascenzi as a result of the admittedly untimely responses. Next, Defense counsel explained that although Ascenzi labeled his request as "interrogatories," their phrasing did not invite a reply, but rather sought the agreement or denial of a series of statements presented by Ascenzi. As such, defense counsel interpreted the request as a set of request for admissions and responded to them accordingly.

Following the telephonic conference, Ascenzi was directed to file a reply brief to Defendant's Brief in Opposition to his third Motion to Compel. Plaintiff filed his reply brief on August 17, 2007. (Id.) As such, this motion is ripe and ready for disposition. For the reasons that follow, Plaintiff's motion to compel will be denied.

## II.     Relevant Factual Background

On July 21, 2004, Ascenzi was living in Nanticoke with his father. On that date, PSP Detective O'Brien, with the assistance of unidentified officers, executed a search warrant of Plaintiff's father's home. A quantity of heroin was found in the kitchen breadbox and $1,557 in unmarked cash was found in Plaintiff's bedroom. Plaintiff contends the discovered money belonged to his father. He also claims O'Brien and others "ransacked" his father's home during

the process of the search.

Ascenzi alleges that Detective O'Brien fabricated the information to obtain an "anticipatory" search warrant of his home based on an unreliable "junky" confidential informant ("CI"). The Affidavit of Probable Cause for the search warrant was predicated on three drug buys. (Dkt. Entry 22-2, Plaintiff's Response to the Answer, Exh. 1, Affidavit of Probable Cause.) According to the probable cause affidavit, on two occasions, O'Brien "with the assistance of a Confidential Informant," contacted an individual named "Mike" to purchase drugs. On both occasions, O'Brien drove the CI to 333 West Union Street, Nanticoke, to the home of Americo Ascenzi, Plaintiff's father. Each time the CI went into the residence with $220 and returned with 10 small envelopes containing a brown powdery substance that later tested positive for heroin. The CI was checked for contraband and currency prior to, and after, each transaction. (Id.) Ascenzi was arrested and ultimately pled guilty to possession of heroin.

Ascenzi charges that O'Brien violated his Fourth Amendment rights as he did not have probable cause to arrest him or search his father's home. Plaintiff seeks monetary relief.

## III.     Relevant Procedural History

Plaintiff filed this action on June 13, 2005. The parties engaged in discovery which resulted in Plaintiff filing several motions to compel, based in part, on Defendant's untimely responses to properly served discovery and Defendant's failure to disclose the identify of his CI. Plaintiff's first and second motions to compel, addressing *inter alia,* those issues,

-3-

were resolved on March 19, 2007.  (See Dkt. Entry 44.)  On April 25, 2007, the Court directed that all discovery be completed by June 8, 2007, and that dispositive motions, if any, be filed by July 9, 2007.

On May 2, 2007, Ascenzi served Defendant with a "Second Round of Interrogatories."  (See Dkt. Entry 77-2, Defendant's Answers to Second Round of Interrogatories.)  Defendant responded to this request on July 3, 2007.  (Id.)  The briefing of Defendant's July 3, 2007, Motion for Summary (dkt. entry 65) is stayed pending the resolution of this motion to compel and Plaintiff's motions for appointment of counsel.[1]  Defendant was granted until August 27, 2007, to file his responses to Plaintiff's additional interrogatories.  (Dkt. Entry 84.)

## IV. Standard of Review.

Generally, courts afford considerable latitude in discovery in order to ensure that the case proceeds with "the fullest possible knowledge of the issues and facts before trial."  Hickman v. Taylor, 329 U.S. 495, 501 (1947).  The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible," United States v. Procter & Gamble, 356 U.S. 677, 683 (1958), and to narrow and clarify the issues in dispute, Hickman, 329 U.S. at 501.

---

[1] Plaintiff's motions for appointment of counsel (dkt. entries 41 and 69) were addressed and resolved under separate cover.  (See Dkt. Entry 85.)

The polestar of discovery is relevance. Federal Rule of Civil Procedure 26(b)(1) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). Interrogatories are governed by Fed. R. Civ. P. 33 and are intended to be exploratory in nature, designed to flush out facts, witnesses and documents so that the requesting party may thereafter prepare to prove his case in an orderly manner. Requests for admissions do not serve the same purpose as interrogatories, nor should they be similarly framed. Requests for admission are to expedite trial by eliminating the necessity of proving undisputed facts at trial. Bouchard v. United States, 214 F.R.D. 72, 75 (D. Me. 2007).

Fed. R. Civ. P. 36(a) addresses requests for admissions and provides in pertinent part:

> A party may serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact. . . .
>
> Each matter of which an admission is requested shall be separately set forth. . . .

-5-

> The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. . . .
>
> The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served.

See Fed. R. Civ. P. 36(a).

"Regardless of the subject matter of the Rule 36 request, the statement of fact itself should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." United Coal Companies v. Powell Const. Co., 839 F.2d 958, 967 - 68 (3d Cir. 1988)(citing Havenfield Corp. v. H & R Block, Inc., 67 F.R.D. 93, 96 (W.D. Mo. 1973)). "[W]hen good faith requires that a party deny only a part or qualify certain matter of which an admission is requested, such qualification or part denial must be clear." Havenfield, 67 F.R.D. at 97.

Fed. R. Civ. P. Rule 37 allows a party who has received evasive or incomplete

discovery responses to seek a Court order compelling disclosure or discovery of the materials sought.

**V.     Discussion**

At issue are 9 of Defendant's 18 "interrogatory" responses.[2]  Plaintiff disagrees with defendant's treatment of his "Second Round of Interrogatories" as a request for admissions,[3] and also claims that defendant's objections to several requests (1A, 4A, 7A and 8A) are improper because the explanatory qualification of defendant's response is "intentionally evasive".  (Dkt. Entry 68, Ascenzi's Third Motion to Compel.)  Defendant addressed all contested responses in his opposition brief.  (Dkt. Entry 77, Brief in Opposition.)  Each debated request and response will be address *seriatim*.

---

[2]  Specifically, Ascenzi questions the following responses in his motion to compel: 1, 1A, 2A, 4, 4A, 6, 7A, 8A and 9A.  (Dkt. Entry 68, Ascenzi's Third Motion to Compel.)

[3]  A review of the docket in this matter reveals that Ascenzi has posed more than the number of interrogatories allowed under Fed. R. Civ. P. 33(a), without leave of Court or written stipulation by defense counsel, prior to serving his "Second Round of Interrogatories."  (See Dkt. Entry 37-2, Defendant's Response to Plaintiff's First Set of Interrogatories and Request for Production of Documents.)  Had Defendant construed Ascenzi's "Second Round of Interrogatories," as a true interrogatory request as labeled by Ascenzi, Defendant would have been under no obligation to respond to them as Ascenzi had already posed, and received responses to, 25 interrogatories. Nonetheless, rather than disregarding Ascenzi's "Second Round of Interrogatories," Defendant reviewed the phrasing of the requests, finding that many were in the form of statements and not questions, and construed them as request for admissions.  Upon review of Ascenzi's "Second Round of Interrogatories," I agree with Defendant's reasoning that many, if not all, of the requests seek the admission or denial of facts, and were appropriately treated as requests for admission.

-7-

> 1.  *The Verizon cell phone, its charger, the $1,557.00, were not found in the possession of the plaintiff nor was the phone used to facilitate any criminal acts?*

(Dkt. Entry 77-2, Answers to Second Round of Interrogatories.)

Originally defendant denied this request and noted that the items listed were under the control, and in the possession, of Plaintiff. (Id.) In his opposition brief, defendant concedes that the second statement of the request was overlooked due to an oversight. Defendant supplemented his response by:

> "admit[ting] that the cell phone was not used to arrange any of the drug purchases from the plaintiff which provided probabl[e] cause for the search. Defendant cannot admit or deny whether the cell phone was used to facilitate any criminal acts because of the information known to him or readily available is insufficient to enable him to either admit or deny the matter requested."

(Id.) As Ascenzi does not address or further question defendant's response to this request in his reply brief, I will deny Plaintiff's motion to compel as to this request.

> 1A. *A reading through your police reports and your affidavit of probable cause it clearly shows that at no time during each phone call you actually heard the plaintiff speaking with your CI?*

Ascenzi believes that this request calls for a simple "yes" or "no" answer.[4] (Dkt.

---

[4] Such a statement further supports Defendant's interpretation of plaintiff's "interrogatories" as a request for admission.

Entry 68, Ascenzi's Third Motion to Compel.)  Ascenzi objects to the explanation offered by O'Brien in connection with his denial of this request.  Defendant admits that he could not hear the individual words spoken by Ascenz during the phone conversation, but notes that he was present when the CI, by phone, contacted "an apparent W/M named 'Mike' ... we were advised to travel to ... 333 West Union Street."  (See Dkt. Entry 81 at pp. 4 - 6, Ascenzi's Reply Brief.)  Regardless of what response Ascenzi desired or believes he should have received in response to this request, where the party denying a request for admission believes that "good faith requires" a qualification of the answer, one is permitted.  O'Brien's answer does not violated Fed. R. Civ. P. 36(a).

> 2A. Between the drafting of your anticipatory search warrant affidavit of probable cause of 7/21/04, and 10:45 a.m., you dropped the words "the residence appears to be a double block"?  Which isn't.

Defendant objected to this request on the basis that he could not admit or deny the request as it was not possible for him to decipher the meaning of the request.  A party cannot be expected to admit or deny such a vaguely phrased request. See Sparton Corp. V. U.S., 77 Fed. Cl. 10, 18 (2007)(citing United States v. Chevron USA, Inc., No. Civ. A No. 88-6681, 1989 WL 100927 (E.D. Pa. August 30, 1989).  Had Ascenzi framed his request as follows: "Is 333 West Union Street, Nanticoke, Pa., a 'double block' home?" O'Brien would have been required to admit or deny whether Ascenzi's home was a "double block" home.  Plaintiff could then argue this discrepancy at summary judgment or trial.  Alternatively, if Ascenzi had

posed an interrogatory asking for O'Brien to explain why he dropped the language that "the residence appears to be a double block" home from his anticipatory search warrant when it had appeared in his previous reports, Defendant would be obligated to explain his actions. However, as phrased, request 2A is poorly posed as an interrogatory or request for admission. Defendant's response to the request is not objectionable.

> 4. On October 24th, 2004, you testified at the plaintiff's preliminary hearing, "that you physically did not see the plaintiff at said residence on 7/21/04, and this was a buy/bust control purchase which took place at 4:00 p.m." Yet your property report says "that you obtained at 2:45 p.m. it states" heroin seized from CI 10 packets. See Exhibits.

Initially, I note that neither party has supplied the Court with copies of the exhibits associated with this request. From the parties' submissions it appears that a portion of Ascenzi's preliminary hearing transcript notes were supplied, but it is unclear as to what portion or portions, Plaintiff provided O'Brien. As such, the basis for O'Brien's denial that "the quotes [provided by Ascenzi are] accurate verbatim statements of his testimony," can not be ascertained on the current record. Furthermore, as Ascenzi's request is compound, O'Brien was required to do more than simply address the statements attributed to him. He also admitted that the purchase was a "buy/bust," and not a controlled purchase, and explained that the CI purchased the heroin at 2:45 p.m. and that plaintiff was arrested at 4 p.m. the same day. Defendant will not be required to amend his response.

> *4A.     In your police reports dated 5/28/04, 6/24/04, you stated "that the CI emerged immediately from the residence."  But your arrival time was on 5/28/04, was 15:30 p.m. and the departure 16:00 p.m. and on 6/24/04, your arrival was 13:48 and departure was 14:00 p.m.  "5/28/04 was 30 minutes and 6/24/04 was 12 minutes.["] See Exhibits.*

Again, Ascenzi takes offense to O'Brien's failure to provide "a simple yes or no" answer to this request.  (Dkt. Entry 81, Ascenzi's Reply Brief, p. 8.)  Defendant O'Brien denied the language quoted by Ascenzi as an accurate verbatim statement of what is written on his incident reports.  Asenzi is free to present O'Brien's reports and argue any factual discrepancies in his opposition to summary judgment.  To the extent Ascenzi objects to the inclusion of additional information in the response as to what O'Brien and his CI did during the duration of their arrival and then departure from 333 West Union Street, Nanticoke, this objection is overruled.  Ascenzi's request is compound in nature and invites defendant to explain the duration spent at the location on various occasions.  As framed, defendant could not respond to this request with a simple yes or no.  Defendant's explanation as to what occurred on these occasions shall not be stricken from the response.

> *6.     During the plaintiff's criminal trial at the point of the discovery proceedings a request for the identification of your confidential informant was made.  And on 3/24/04 at 12:15 p.m. you obtained from Harrisburg, PA a criminal history of Cassie M. Price? See Exhibit.*

As previously ruled on in Plaintiff's prior motions to compel, and again during the

-11-

August 6, 2007, telephonic status conference, the Court will not order defendant to reveal the identify of a confidential informant.  While Ascenzi continues to argue the importance of the CI's credibility in this case, I note that he pled guilty to the possession of heroin found in his home.

> 7A.  *There's no existing evidence that you or any members of your surveillance team on all occasions saw the plaintiff give your CI heroin?*

Ascenzi objects to O'Brien's explanation of his denial of this request "as stated". (See Dkt. Entry 77-2, Answers to Second Round of Interrogatories.)  But again, Ascenzi's request for admission can reasonably be interpreted as compound, seeking O'Brien to admit or deny: (1) that no member of O'Brien's surveillance team saw Ascenzi give the CI heroin; and (2) that there is no evidence that plaintiff gave O'Brien's CI heroin.  Under these circumstances defendant could not simply or directly admit or deny the request.  Defendant appropriately admitted that no member of the surveillance team saw Ascenzi hand the CI heroin, as well as properly denied that there was "no existing evidence," i.e. "[t]here is ample evidence that the plaintiff sold heroin to the CI"  (Id.)  No amendment will be required.

> 8A.  *In pages 14, 17 of your police reports of 7/21/04, nowhere does it indicate that this plaintiff made any incriminating statement, but not until 7/26/04?  That's when you put that in "that the plaintiff was to have said the heroin was his.["]*

Ascenzi states that he only sought O'Brien to confirm or deny when he first introduced the statement that "the plaintiff was to have said the heroin was his" into his police

-12-

reports, and that O'Brien's explanation of his response should be stricken from the record. First, as an evidentiary matter, O'Brien's police reports will speak for themselves. Furthermore, it is noted that O'Brien answered that "the request is admitted." To the extent Ascenzi is displeased with the explanatory information provided by O'Brien in connection with his admission, Fed. R. Civ. P. 36(a), allows the answering party, when good faith requires, to qualify an answer. In this request, O'Brien clarified that Ascenzi admitted that the heroin was his while being held at the barracks after his arrest. The explanatory portion of O'Brien's answer will not be stricken.

> 9A. Every time you use $220.00 for each 50 call
> purchases you were expecting a ½ gram of heroin,
> but instead you only got 38/100 on 5/26/04, 5/28/04
> and on the last two 14/100 on 6/24/04, 7/21/04 none
> of these weights are 50/100?

Defendant O'Brien clearly denied that it was not his "expectation," as Ascenzi suggested, to receive .5 grams of heroin at each buy. O'Brien explained why it was not his expectation. O'Brien then stated the amount of heroin obtained as a result of each purchase from Ascenzi. To the extent Ascenzi wishes to dispute the amounts, he may do so, but such a dispute does not serve to undermine the validity of defendant's answer to this request.

> 5A. Throughout all of your police reports and affidavit[s] of
> probable cause, "there's no indication whether your C.I.
> Has credibility and how reliable that person is. #3210-03-
> 0183 that's pertaining to all four supposing buys.

Ascenzi challenges O'Brien's answer to request 5A for the first time in his reply materials and not in his original motion to compel.  (See Dkt. Entry 81, Ascenzi's Reply Brief.)  As such, defendant did not have the obligation or opportunity to respond to this challenge.  Nonetheless, this request is similar to plaintiff's previous attempts to attack O'Brien's reliance on a CI whose credibility is allegedly questionable.  The Court will not revisit or expound on this issue as "[t]he reliability of the informant is not relevant because probable cause for the search at issue was not based on any information provided by the informant."  (See Dkt. Entry 44, Order Resolving Ascenzi's First and Second Motions to Compel; and see also Dkt. Entry 38-2, Defendant's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents.)  The reliability of the CI is not in question in this case, and thus discovery on the CI's reliability is not relevant.

An appropriate order follows.

                                             **s/ Thomas I. Vanaskie**
                                             Thomas I. Vanaskie
                                             United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL J ASCENZI,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL NO. 3:CV-05-1184** |
| **v.** : | |
| : | **(JUDGE VANASKIE)** |
| **OFFICER O'BRIEN, <u>ET</u> <u>AL</u>.,** : | |
| : | |
| **Defendants.** : | |

# O R D E R

**AND NOW**, **THIS 23rd DAY OF JANUARY, 2008**, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Third Motion to Compel(Dkt. Entry 68) is **DENIED**.

2. Defendant O'Brien has twenty (20) days from the date of this Order to file his Brief and Exhibits in support of his Motion for Summary Judgment (Dkt. Entry 65).

3. Plaintiff Ascenzi shall file a brief in opposition to Defendant's Motion for Summary Judgment within twenty (20) days of his receipt of Defendant's supporting materials.

                **s/ Thomas I. Vanaskie**
                Thomas I. Vanaskie
                United States District Judge