UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL J. ASCENZI,                          :
                                             :
                    Plaintiff,               :
                                             :   CIVIL NO. 3:CV-05-1184
            v.                               :
                                             :   (JUDGE VANASKIE)
OFFICER O'BRIEN, ET AL.,                     :
                                             :
                    Defendants.              :


M E M O R A N D U M

I.      Introduction.

        On June 14, 2005, Michael J. Ascenzi, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his Fourth Amendment rights in connection with the execution of a July 21, 2004, anticipatory search warrant of his apartment which ultimately led to his arrest, a parole violation, and a conviction for the possession with intent to deliver a controlled substance.[1]  The sole remaining defendant in this action is Pennsylvania State Police ("PSP") Detective O'Brien.

        Presently before the Court are three discovery related motions filed by Ascenzi: (1) Motion to Strike (Dkt. Entry 86); (2) Motion for an In Camera Hearing (Dkt. Entry 87); and

_____

        [1]  Ascenzi was incarcerated at the Retreat State Correctional Institution ("SCI-Retreat"), Hunlock Creek, Pennsylvania, when he initiated this action.  He has since been released from prison.  (Dkt. Entry 92, Motion for Finger Print and Chemical Analysis.)

(3) Motion for Finger Print Analysis and Chemical Analysis (Dkt. Entry 92).[2]  Defendant O'Brien

has responded to each motion.  For the reasons that follow, Plaintiff's motions will be denied.

II.    Relevant Factual Background.

On July 21, 2004, Ascenzi was living with his father in Nanticoke, Pennsylvania.

On that date, PSP Detective O'Brien, with the assistance of unidentified officers, executed an

anticipatory search warrant of Plaintiff's father's home.  A quantity of heroin was found in the

home as well as $1,557 in unmarked cash.

Ascenzi alleges that Detective O'Brien fabricated the information to obtain an

anticipatory search warrant of his home based on an unreliable "junky" confidential informant

("CI").  The Affidavit of Probable Cause for the search warrant was predicated on three drug

buys.  (Dkt. Entry 22-2, Plaintiff's Response to the Answer, Exh. 1, Affidavit of Probable

Cause.)  According to the probable cause affidavit, on two occasions, O'Brien "with the

assistance of a Confidential Informant," contacted an individual named "Mike" to purchase

drugs.  On both occasions, O'Brien drove the CI to the home of Americo Ascenzi, Plaintiff's

father.  Each time the CI went into the residence with $220 and returned with 10 small

envelopes containing a brown powdery substance that later tested positive for heroin.  The CI

---

[2]  Ascenzi also filed a Motion for Extension of Time to File a Reply Brief related to his request for finger print and chemical analysis (Dkt. Entry 95).  That motion is now moot as Ascenzi filed his Reply Brief on January 31, 2008, and it will be accepted by the court as timely filed.

was checked for contraband and currency prior to, and after the transaction.  (Id.)  Ascenzi was arrested and ultimately pled guilty to possession of heroin.

Ascenzi charges that O'Brien violated his Fourth Amendment rights as he did not have probable cause to arrest him or search his home.  Plaintiff seeks monetary relief.

III.    Relevant Procedural History.

Since the filing of this action the parties have engaged in discovery which has resulted in Plaintiff filing several motions to compel, based, in part, on Defendant's untimely responses to properly served discovery and Defendant's failure to disclose the identify of his CI.  Plaintiff's first and second motions to compel, addressing, *inter alia,* those issues,  were resolved on March 19, 2007.  (See Dkt. Entry 44.)  On April 25, 2007, the Court directed that all discovery be completed by June 8, 2007, and that dispositive motions, if any, be filed by July 9, 2007.  (See Dkt. Entry 58.)

On May 2, 2007, Ascenzi served a "Second Round of Interrogatories."  (See Dkt. Entry 77-2, Defendant's Answers to Second Round of Interrogatories.)  Defendant responded to this request on July 3, 2007.  (Id.)  The briefing of Defendant's July 3, 2007, Motion for Summary (dkt. entry 65) was stayed pending the resolution of this motion to compel related to Ascenzi's second round of interrogatories and Plaintiff's motions for appointment of counsel.  In the interim, a telephone conference was held on August 6, 2007, during which Ascenzi was granted the opportunity to conduct further discovery.  (See Dkt. Entry 80.)  Defendant was

-3-

granted until August 27, 2007, to file his responses to Plaintiff's additional interrogatories.  (Dkt. Entry 84.)

Plaintiff's motions for counsel were denied (Dkt. Entry 85) and Ascenzi's motion to compel related to his second set of discovery was resolved on January 23, 2008.  (See Dkt. Entry 96.)   After receiving an enlargement of time, Defendant filed his brief and exhibits in support of his motion for summary judgment.  (See Dkt. Entries 102 - 103.)  In the meantime, Ascenzi filed the three discovery motions addressed in the Memorandum opinion.

IV.    Standard of Review.

The polestar of discovery is relevance.  Federal Rule of Civil Procedure 26(b)(1) states that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible."  Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000).

V.    Discussion.

A.    Motion to Strike and Compel Adequate Answers.

Ascenzi suggests that defendant O'Brien's responses to his third set of discovery should be stricken and any lodged objections waived as the responses were untimely served

-4-

and are evasive.  (Dkt. Entry 86, Motion to Strike and Compel Adequate Answers.)  Because

O'Brien asked for and received an enlargement of time to respond to the additional

interrogatories, his response was not untimely.  Moreover, contrary to Ascenzi's assertions,

O'Brien's answers to interrogatories 11a, 12a, 13, and 14 are not evasive.  To the extent that

O'Brien qualified his answers, he did so due to patent ambiguities in the questions posed by

Plaintiff.   With respect to Interrogatories 13 and 14, which sought information related to why a

charge was dismissed and why only partial restitution was sought, O'Brien could properly

answer by stating that these decisions were made by the prosecuting attorney.  O'Brien cannot

be asked to speculate as to the reasoning or actions of a third party.  Ascenzi's Motion to Strike

and Compel Adequate Answers (Dkt. Entry 86) will be denied.

> B.   Ascenzi's Request for an In Camera Hearing of
> the Criminal History of O'Brien's Confidential
> Informant.

Ascenzi claims that defendant O'Brien lied about his confidential informant's (CI)

"background".  Ascenzi seeks this information to demonstrate the unreliability of the CI, which,

in turn, would undermine the information O'Brien supplied in his probable cause affidavit used

to obtain the anticipatory search warrant of his home.  (Dkt. Entries 87 - 88, Request for In

Camera Hearing, Brief; and Dkt. Entry 91, Reply Brief.)  Ascenzi claims the information in the

probable cause affidavit did not come from the CI, but was fabricated by O'Brien for the

purpose of fraudulently obtaining the anticipatory search warrant. (Id.)  Plaintiff claims "[t]his

case cann't (sic) proceed with out the identity of the CI." (Dkt. Entry 91, Reply.)

It has already been determined in this case that the reliability of the CI is not relevant. (See Dkt. Entry 44.) As Ascenzi has failed to present any new argument or facts pertinent to this issue, his Motion for an In Camera Hearing will be denied.

C.     Ascenzi's Motion for A Finger Print Analysis and
       Chemical Analysis.

Ascenzi requests a fingerprint analysis of the packages allegedly received by O'Brien's CI on June 24, 2004 and July 21, 2004. He also requests a chemical analysis of the compounds held within those envelopes. (Dkt. Entry 92, Motion for Finger Print and Chemical Analysis.) Ascenzi argues he needs this "evidence to prove" that O'Brien's CI was not credible and reliable and the CI's fingerprints, and not Ascenzi's, would be discovered if tested. Ascenzi also claims he wishes to investigate the chain of custody of the contraband seized from his home. As defendant O'Brien correctly points out, Ascenzi's request for this information is to definitively uncover the identity of the CI and undermine his or her credibility. As previously noted, it has been determined that the reliability of the CI is not relevant because the affidavit of probable cause was based on controlled purchases of drugs from Ascenzi supervised by O'Brien. Thus, Ascenzi's Motion for a Fingerprint and Chemical Analysis will be denied.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL J. ASCENZI,                            :
                                               :
               Plaintiff,                      :
                                               :   CIVIL NO. 3:CV-05-1184
          v.                                   :
                                               :   (JUDGE VANASKIE)
OFFICER O'BRIEN, ET AL.,                       :
                                               :
               Defendants.                     :

O R D E R

AND NOW, THIS 16th DAY OF JUNE, 2008, for the reasons set forth in the

foregoing Memorandum, IT IS HEREBY ORDERED THAT:

   1.   Ascenzi's Motion to Strike (Dkt. Entry 86) is
        DENIED.

   2.   Ascenzi's Motion for an In Camera Hearing (Dkt.
        Entry 87) is DENIED.

   3.   Ascenzi's Motion for Extension of Time to File a
        Reply Brief related to his request for finger print and
        chemical analysis (Dkt. Entry 95) is GRANTED
        NUNC PRO TUNC.

4.    Ascenzi's Motion for Finger Print and Chemical
       Analysis (Dkt. Entry 92) is DENIED.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge